UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES FUENTES, | No. 2:15-cv-2535 AC P |
| Petitioner, | |
| v. | ORDER |
| SWAIN, et al., | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. However, though styled as a § 2241 petition, petitioner's claims should have been brought in an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Petitioner alleges that his Eighth Amendment rights were violated when he was held in the security housing unit for seven weeks; that he was denied due process in connection with a disciplinary charge, of which he was found not guilty; and that he is being subject to harassment and retaliation. ECF No. 1 at 6-11. Where a prisoner is challenging the fact or duration of his confinement, the proper vehicle is a petition under § 2241. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (citations omitted). Allegations of civil rights violations must be brought in a Bivens action. Id. (citations omitted). In this instance, petitioner does not challenge the legality or duration of his confinement, but instead challenges the conditions of his confinement.

| | |
|---|---|
| 1 | Petitioner will be given an opportunity to amend the petition to convert this action into a |
| 2 | civil rights complaint under <u>Bivens</u>.  If petitioner chooses not to amend the petition and convert |
| 3 | this into a civil right action, the petition will be dismissed for lack of habeas jurisdiction.  If |
| 4 | petitioner chooses to convert the petition into a <u>Bivens</u> action, he is advised that he will be |
| 5 | required to either (1) pay the $400.00 filing and administrative fees, minus the $5.00 he has |
| 6 | already paid, or (2) submit an application to proceed in forma pauperis.  If leave to file in forma |
| 7 | pauperis is granted, petitioner will still be required to pay the $350.00 filing fee,[1] but will be |
| 8 | allowed to pay it in installments. |
| 9 | If petitioner chooses to amend the petition and convert this action to a <u>Bivens</u> action, he |
| 10 | should keep in mind the following legal standards. |
| 11 | To the extent petitioner seeks to allege retaliatory harassment in violation of his First |
| 12 | Amendment rights: |

> [w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

<u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).[2]

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  To establish cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must demonstrate "unnecessary and wanton infliction of pain."  <u>Id.</u> (citation and internal quotation marks omitted).

---

[1] Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

[2] "Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>."  <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).  Accordingly, the same standards that apply to § 1983 actions apply to actions under <u>Bivens</u>.

2

With respect to petitioner's claim that he was placed in the security housing unit during the investigation into the disciplinary charges,

> [f]or placement in administrative segregation, an inmate must "receive some notice of the *charges* against him," Hewitt v. Helms, 459 U.S. 460, 476, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983) (emphasis added), or "notice of the factual basis leading to consideration" for confinement, Wilkinson v. Austin, 545 U.S. 209, 225-26, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). The notice must be delivered "within a reasonable time following an inmate's transfer" in order to be effective in helping the inmate prepare a defense at his hearing. See Hewitt, 459 U.S. at 476 n.8, 103 S. Ct. 864; Toussaint v. McCarthy, 801 F.2d 1080, 1100 & n.20 (9th Cir. 1986) ("Prison officials must hold an informal nonadversary proceeding within a reasonable time after the prisoner is segregated.").

Saavedra v. Scribner, 482 F. App'x 268, 270-71 (9th Cir. 2012).

Since petitioner claims he was found not guilty of the charges, it appears unlikely that he will be able to state a claim for violation of his due process rights in relation to the disciplinary proceedings. However, the court will nonetheless provide him with the applicable legal standard. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Finally, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citations omitted). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. In other words, petitioner must explain how each defendant violated his rights.

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall have thirty days from service of this order to convert the petition into a civil rights complaint by filing an amended complaint on the form provided. If petitioner does not file an amended complaint and convert this action, the petition will be dismissed for lack of habeas jurisdiction.

2. The Clerk of the Court is directed to send petitioner a copy of the prisoner complaint form used in this district and an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: June 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE